# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NICKIE M. FOSTER, <br><br> Defendant. | Case No. 18-CR-182-1-JPS <br><br><br> **ORDER** |

1.  **INTRODUCTION**

    In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited May 10, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* Part B of Amendment 821 allows for a two-level decrease in a defendant's offense level if the defendant has no criminal history points and their offense of conviction did not involve any of the nine specified aggravating factors (the "Zero-Point Offender Amendment"). U.S.S.G. § 4C1.1(a). In August 2023,

the Commission voted to give retroactive effect to these portions of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at* https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited May 10, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In November 2023, Defendant Nickie M. Foster ("Defendant") moved for a sentence reduction under Amendment 821. ECF No. 171. The form motion that Defendant submitted states that she moves under the Status Point Amendment. *Id.* at 1. However, Defendant's handwritten notes indicate that she moves under the Zero-Point Offender Amendment. *Id.* at 2 ("Ms. Foster ha[s] zero criminal history points . . . .").

## 2. LAW AND ANALYSIS

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

In the case of Amendment 821, the relevant policy statement is U.S.S.G. § 1B1.10. That provision states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary adds that such a circumstance may arise "because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of imprisonment." U.S.S.G. § 1B1.10 app. note 1(A).

Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s), subject to exceptions not applicable here. U.S.S.G. § 1B1.10(b)(2)(A); U.S.S.G. § 1B1.10(b)(2)(B), (c) (setting forth exceptions).

Defendant is not eligible for a reduced term of imprisonment under the Status Point Amendment because she did not receive any status points. ECF No. 122 at 24. However, Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Zero-Point Offender Amendment. *Id.* Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821 for several reasons.

First, Defendant was subject to, and received as to Counts Seven, Nine, and Eleven, a mandatory minimum term of imprisonment. ECF No. 121 at 1; ECF No. 120 at 2. Second, the amended guidelines range as to the remaining Counts Two, Four, Six, Eight, and Ten would be 57 to 71 months' imprisonment, and the 12-month concurrent sentence that Defendant originally received as to these counts falls below the minimum of that

amended range. ECF No. 120 at 2. It also fell below the original guidelines range of 70 to 87 months' imprisonment. ECF No. 119 at 1; *see also* U.S.S.G. § 1B1.10 app. note 3 (noting that "[i]f the term of imprisonment [originally] imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies"). Third, Defendant does not meet the enumerated factors under U.S.S.G. § 4C1.1(a) because she used violence or credible threats of violence. Defendant's offenses involved armed robberies in which Defendant herself wielded a silver semi-automatic handgun to intimidate her victims. ECF No. 122 at 6–12. At one robbery, she fired the handgun and struck a victim—who survived, but who has continued to endure cognitive impairments—in the forehead. *Id.* at 10–11.

Accordingly, the Court is constrained to deny Defendant's motion for a sentence reduction under Amendment 821, ECF No. 171, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Accordingly,

**IT IS ORDERED** that Defendant Nickie M. Foster's motion to reduce her sentence under Amendment 821, ECF No. 171, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of May, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge